UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRIAN CORRIGAN,                       )
                                      )
            Plaintiff,                )
                                      )
        v.                            )   No. 4:05CV1443 FRB
                                      )
SUN CONTAINER, INC., et al.,          )
                                      )
            Defendants.               )

**MEMORANDUM AND ORDER**

Presently pending before the Court are defendant Sun Container, Inc.'s Motion to Stay Litigation and Compel Arbitration (filed Sept. 7, 2005/Docket No. 7), defendant Sun Boxes, Inc.'s Motion to Dismiss (filed Sept. 7, 2005/Docket No. 8), and plaintiff's Motion to Remand and for Attorneys' Fees and Costs (filed Oct. 6, 2005/Docket No. 16). A hearing was held on the motions on March 17, 2006. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Brian Corrigan brought this Declaratory Judgment action in the Circuit Court of St. Louis County, Missouri, in July 2005, in which he sought to invoke the Arbitration Clause of an Employment Agreement entered into between himself and "Sun Container." As defendants, plaintiff named "Sun Container, Inc.," an Illinois corporation doing business in Mount Vernon, Illinois; and "Sun Boxes, Inc.," an Illinois corporation with its principal place of business in Lamar, Missouri. On September 7, 2005,

defendants Sun Container, Inc., and Sun Boxes, Inc., removed the matter to this Court invoking this Court's federal diversity jurisdiction inasmuch as complete diversity exists between plaintiff, a Missouri resident, and defendant Sun Container, Inc., an Illinois resident; and the amount in controversy exceeds $75,000.00. Defendants claim that Sun Boxes, Inc.'s Missouri citizenship does not destroy diversity jurisdiction inasmuch as this defendant was fraudulently joined to defeat diversity.

A.  Facts as Alleged in Petition

In his Petition, plaintiff alleges that in 1999, he entered into an Employment Agreement with "Sun Container" which was a family-owned business comprised of Sun Container, Inc., and Sun Boxes, Inc.; and that Sun Container, Inc., and Sun Boxes, Inc., shared common ownership and management, did not maintain corporate formalities and separateness, and were operated as branches of the integrated entity known as "Sun Container" rather than as separate corporations. Plaintiff alleges that pursuant to the Employment Agreement, he performed various services which benefitted both Sun Container, Inc., and Sun Boxes, Inc., and that he worked with the plants in both Mount Vernon, Illinois, and Lamar, Missouri, during his employment. Plaintiff alleges that it was not until completion of various individual services when it became known whether Sun Container, Inc., or Sun Boxes, Inc., would fill his orders.

Plaintiff alleges that he received a base salary yearly from "Sun Container" and that such salary was not based on the

degree to which he performed services for either Sun Container, Inc., or Sun Boxes, Inc. Plaintiff alleges that he also received yearly bonuses which, likewise, were not based on the degree to which he performed services for either Sun Container, Inc., or Sun Boxes, Inc. Plaintiff alleges that he understood his salary and bonuses to be in relation to his work for "Sun Container" which was comprised of both Sun Container, Inc., and Sun Boxes, Inc.

Plaintiff alleges that in March 2005, he was informed that his yearly bonus was significantly lower than previous bonuses and was also informed that Debbie Wilson, an executive of both Sun Container, Inc., and Sun Boxes, Inc., did not like the high level of bonus and, as such, the bonus would be readjusted. Plaintiff was also informed that he would be required to enter into a "New Contract" which would render the previous Employment Agreement null and void. Included as a term of the New Contract was that the Mount Vernon, Illinois, plant would be "the only plant involved."

Plaintiff did not enter into the New Contract. Plaintiff was subsequently terminated from his employment.

In his Petition, plaintiff seeks to invoke the Arbitration Clause of the Employment Agreement as to both Sun Container, Inc., and Sun Boxes, Inc.

B.  Pending Motions

Defendant Sun Boxes, Inc., moves to dismiss the claims raised against it in plaintiff's Petition arguing that plaintiff fraudulently joined Sun Boxes, Inc., to defeat diversity

jurisdiction. Sun Boxes, Inc., further argues that it should be dismissed from the cause pursuant to Fed. R. Civ. P. 12(b)(6) inasmuch as plaintiff cannot demonstrate that he can obtain relief against it in his Declaratory Judgment action inasmuch as Sun Boxes, Inc., was not a signatory to the Employment Agreement.

In its Motion to Stay Litigation and to Compel Arbitration, defendant Sun Container, Inc., requests the Court to compel arbitration between plaintiff and Sun Container, Inc., as provided for in the Employment Agreement's Arbitration Clause. Defendant Sun Container, Inc., agrees that it and plaintiff are required to arbitrate this dispute and thus requests that this Court order such arbitration to proceed. Sun Container, Inc., contends that it is only Sun Boxes, Inc., which posits that it is not a party to the Agreement and, as such, nothing should prevent plaintiff and Sun Container, Inc., from proceeding to arbitration as provided in the Agreement. Sun Container, Inc., further requests that any further litigation be stayed pending the arbitration in which it and plaintiff are obligated to participate.

In his Motion to Remand and for Attorneys' Fees and Costs, plaintiff argues that under Missouri law, various legal theories provide for a non-signatory to an arbitration agreement to nevertheless be bound by such agreement where, <u>inter alia</u>, such non-signatory obtained a benefit by the performance of the contract. Plaintiff contends that the facts as alleged in the Petition are sufficient to state a claim under Missouri law against

Sun Boxes, Inc., under at least this theory of recovery. Plaintiff further argues that he has pled sufficient facts demonstrating that under Missouri law, Sun Container, Inc., and Sun Boxes, Inc., are part and parcel of the same entity, that is, "Sun Container," with whom he entered into the Employment Agreement; and that he has pled sufficient facts to "pierce the corporate veil" making Sun Boxes, Inc., liable and bound by the Employment Agreement. Plaintiff argues, therefore, that the facts as alleged in his Petition are sufficient to demonstrate that Sun Boxes, Inc., might be found to be a party in interest to the Employment Agreement and thus to the Arbitration Clause contained therein, and thus bound by any arbitrator's decision regarding plaintiff's employment, thereby defeating defendants' claim of fraudulent joinder. For the following reasons, plaintiff's argument is well taken and this matter should be remanded to state court for all further proceedings.

C. Discussion

In a matter removed from state court to federal court, the removing defendants bear the burden of demonstrating that such removal is appropriate. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Where, as here, federal diversity jurisdiction is invoked but the face of the Petition shows complete diversity of citizenship not to exist, the federal court may nevertheless retain jurisdiction over the cause if defendants can demonstrate that the non-diverse party was fraudulently joined and should be eliminated

as a party to the Petition. <u>Filla v. Norfolk County Ry. Co.</u>, 336 F.3d 806, 809 (8th Cir. 2003). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." <u>Id.</u> at 810 (8th Cir. 2003). (internal quotation marks and citation omitted). "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." <u>Id.</u> In conducting fraudulent-joinder review, the Court must be guided by reason. <u>Id.</u>; <u>Menz v. New Holland North America, Inc.</u>, ___ F.3d ___, No. 05-1739, 2006 WL 645908, at *2 (8th Cir. Mar. 16, 2006).

On the facts as alleged by plaintiff in his Petition, the undersigned finds there to be a reasonable basis in fact and law supporting plaintiff's claim that Missouri law may bind resident defendant Sun Boxes, Inc., to the terms of the Arbitration Clause contained within the Employment Agreement entered into between plaintiff and "Sun Container." Indeed, the undersigned notes that the Missouri Court of Appeals recently determined that non-signatories to a contract may nevertheless be bound by an arbitration clause contained within such contract where, as alleged here, the non-signatory benefitted from the contract and further where, as alleged here, the overarching entity with whom the plaintiff contracted paid little deference to the individual nature of the separate entities (including the non-signatory) which made up the collective organization. <u>See</u> <u>Netco, Inc. v. Dunn</u>, No. 26064, 2005 WL 858031 (Mo. Ct. App. Apr. 15, 2005), <u>reh'g and/or</u>

transfer denied (May 11, 2005), cause ordered transferred to Mo. S. Ct. (June 21, 2005); Nitro Distrib., Inc. v. Dunn, No. 26063, 2005 WL 858079 (Mo. Ct. App. Apr. 15, 2005), reh'g and/or transfer denied (May 11, 2005), cause ordered transferred to Mo. S. Ct. (June 21, 2005). The undersigned notes that while such cases cannot provide binding precedent on whether plaintiff can recover on the substance of his claims, they nevertheless provide a reasonable basis for purposes of determining fraudulent joinder upon which to find that plaintiff *may* recover on his claims under Missouri law. See Filla, 336 F.3d at 811 (in determining fraudulent joinder on motion to remand, Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved."). In addition, as argued by plaintiff, the undersigned determines it to reasonably be within the province of Missouri courts to resolve in the first instance whether, under the facts alleged by plaintiff in the instant Petition, Sun Boxes, Inc., must arbitrate the present dispute.

Therefore, on the facts as alleged by plaintiff in his Petition and given the present state of Missouri law, the undersigned determines there to be arguably a reasonable basis upon which to predict that under Missouri law, Sun Boxes, Inc., may be bound by the Arbitration Clause in the Employment Agreement entered into between plaintiff and "Sun Container." As such, defendants' claim of fraudulent joinder fails. Filla, 336 F.3d at 810.

Whether plaintiff will ultimately succeed or fail on his claim "is best left to the Missouri courts." Id. at 811.

Accordingly, for all of the foregoing reasons, defendants have failed to demonstrate to the Court that resident defendant Sun Boxes, Inc., was fraudulently joined to the instant cause of action. Inasmuch as complete diversity of citizenship is lacking, this Court lacks jurisdiction over the cause and plaintiff's Motion to Remand should be granted.

Upon consideration of the facts of this case, the unsettled case law governing the issues raised, and the parties' respective positions, the undersigned determines in its discretion that an award of attorneys' fees and costs is not warranted in the cause.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff Brian Corrigan's Motion to Remand (Docket No. 16) is **GRANTED**. Plaintiff's Motion for Attorneys' Fees and Costs is **DENIED.**

**IT IS FURTHER ORDERED** that defendant Sun Boxes, Inc.'s Motion to Dismiss (Docket No. 8) is **DENIED** to the extent defendant claims it was fraudulently joined to the cause; and **DENIED without prejudice** to the extent defendant claims under Fed. R. Civ. P. 12(b)(6) that plaintiff has failed to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that defendant Sun Container, Inc.'s Motion to Stay Litigation and to Compel Arbitration (Docket

No. 7) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the parties' Motions for Oral Argument on the pending motions (Docket Nos. 25, 31) are **DENIED as moot.**

**IT IS FURTHER ORDERED** that this cause is hereby remanded to the Circuit Court of St. Louis County, Missouri, for all further proceedings.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _29th_ day of March, 2006.